**Related cases**

*United States v. New York*, No. 26-104 (2d Cir.)
*United States v. New York*, No. 26-387 (2d Cir.)
*United States v. Illinois*, No. 25-2904 (7th Cir.)

## Addendum A

**(1) Nature of the Action:** The United States brought this action to enjoin certain "sanctuary" policies adopted by the City of Rochester and its political organs. Specifically, the United States challenges policies that, among other things, prohibit "any person under agreement with the City" from "prohibit[ing] or discourag[ing] Immigrants or their children from seeking opportunities … on the basis of perceived or actual immigration status," prohibit police officers from "inquiring about the immigration status of any individual … unless necessary to investigate criminal activity, and prohibit the Rochester Police Department from honoring immigration detainer requests. The policies at issue are set forth in a 2017 resolution, which reaffirms Rochester's status as a "sanctuary" city; Ordinance 2025-283, adopted in August 2025, which implements the resolution; Rochester Police Department General Order 502 on "Equitable Policing," issued in September 2025, which sets forth various "Sanctuary City Procedures"; and a 2017 Training Bulletin issued by the Rochester Police Department.

The United States alleged that the challenged policies are expressly preempted by 8 U.S.C. §§ 1373 and 1644, which preempt state and local laws that prohibit or restrict exchanging information with federal immigration authorities, and violate the doctrine of intergovernmental immunity by unlawfully discriminating against and regulating the federal government. Rochester moved to dismiss for failure to state a claim; the United States opposed and cross-moved for summary judgment.

**(2) Result Below:** The district court granted Rochester's motion to dismiss. As to the preemption claim, the court concluded that 8 U.S.C. §§ 1373 and 1644 are not valid preemptive provisions because they do not regulate private actors but instead regulate only states and their political subdivisions. As to the United States' claim that the policies violate the doctrine of intergovernmental immunity by discriminating against the federal government, the court concluded that the United States failed to identify a comparator that is more favorably treated for any of the challenged policies. Finally, as to the United States' claim that the policies violate the doctrine of intergovernmental immunity by directly regulating it, the court determined that the policies were directed at City of Rochester officials in the conduct of their duties, rather than at the federal government.

**Items (3) and (4) are attached.**

## Addendum B

### Issues Proposed to Be Raised on Appeal

Whether the district court erred in dismissing the United States' preemption and intergovernmental-immunity claims.

The Court reviews the decision to grant a motion to dismiss *de novo*.